FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GLEN A. LIVERMORE,<br><br>        Plaintiff,<br><br>  v.<br><br>DEBRA TONHOFER, MD; JOHN SMITH, MD; STEVEN HAMMOND, DOC Chief Medical Officer; RUSTY SMITH, Head of Medical at AHCC; DERRY, Correctional Officer at WSP; BRENT CARNEY, DOC Dietary Services Program Manager; JOHN BOUCHARD; JOHN DOES 1-2, transporting officers, C/O HOMELEIN, Correctional Officer at WSP,<br><br>        Defendants. | NO: 4:18-CV-5075-RMP<br><br>ORDER RESOLVING PLAINTIFF'S MOTIONS |

BEFORE THE COURT are nine motions from Plaintiff Glen A. Livermore:

(1) a "Motion to Reconsider the Motion for Order to Conduct Telephonic & Tape-Recorded Depositions of Defendants Tonhofer and J. Smith Pursuant to [sic] Add an

ORDER RESOLVING PLAINTIFF'S MOTIONS ~ 1

Additional F.R.C.P. #33 Defendant," ECF No. 66[1]; (2) a "Motion to Depose, or in the Alternative, a Motion for a Witness Affidavit from P/A/C ken Moore, Pursuant to Federal Rule of Civil Procedure #26 thru [sic] 37," ECF No. 67 (capitalization and punctuation modified from original); (3) a "Request for an Examination by an Outside Doctor Pursuant to Federal Rule of Civil Procedure # 35," ECF No. 68 (capitalization and punctuation modified from original); (4) a "Motion for Production of All Relevant Medical Records Pursuant to Federal Rule of Civil Procedure #34," ECF No. 69); (5) a "Motion for Inspection of All of My Medical Records that are Pertinent or Relevant to This Case," ECF No. 70 (6) a "Motion for Appointment of Counsel Pursuant to 28 U.S.C. 1915(e)(1), 294 F.3d 492, 126 F.3d 454," ECF No. 71 (capitalization and punctuation modified from original); (7) a "Motion for Deposition of the D.O.C. Medical Director Pursuant to Federal Rule of Civil Procedure #'s 33, 34, 35," ECF No. 73 (capitalization and punctuation modified from original); (8) "Motion to Amend the Complaint Pursuant to Rule of Civil Procedure #15(a) & 19(a)," ECF No. 73; and (9) Motion to Lift Stay, ECF No. 77. The Court has reviewed Plaintiff's motions, Defendants' consolidated response to the first eight motions and supporting declaration, the remaining docket, and the

---

[1] For the titles of Plaintiff's motions, as well as quoted portions of Plaintiff's filings, the Court may have modified capitalization and punctuation from the original.

ORDER RESOLVING PLAINTIFF'S MOTIONS ~ 2

relevant law. *See* ECF Nos. 74 and 75. Plaintiff did not file a reply regarding any of his motions.

## BACKGROUND

Plaintiff is an inmate in the Washington State correctional system, proceeding *pro se* and *in forma pauperis* who has alleged: (1) a delay in the provision of necessary medical care for a back injury, in violation of 42 U.S.C. § 1983; (2) violation of his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, when he was not provided diabetic meals; and (3) violations of his rights under the ADA when he was denied access to a wheelchair between June and August 2015, causing him to miss medical appointments, meals, and church services. ECF No. 11 (First Amended Complaint filed on Sept. 4, 2018).

On December 21, 2018, the Court denied Plaintiff's motion for appointment of counsel, finding that Plaintiff had not presented the "exceptional circumstances" that would warrant appointment of counsel. ECF No. 30 at 3–4. The Court denied Plaintiff's motion to reconsider his request to appoint counsel on February 19, 2019. ECF No. 48.

On November 1, 2019, this Court continued all deadlines in this matter for six months in light of a construed motion from Plaintiff seeking to put this case "on hold" while he received treatment for cancer. ECF No. 64 at 3. In the same Order, the Court denied as moot with leave to renew two discovery-related motions from Plaintiff. *Id.* at 3. In the first motion denied as moot with leave to renew, Plaintiff

ORDER RESOLVING PLAINTIFF'S MOTIONS ~ 3

sought to depose Defendants Debra Tonhofer, MD and John Smith, MD, by telephone, recording the depositions with a tape recorder. ECF Nos. 53; 64 at 2. In the second motion, Plaintiff sought to extend the discovery cut-off from October 18, 2019, until December 18, 2019, to allow him to take the telephonic, tape-recorded depositions. ECF Nos. 54; 64 at 2. The Court directed the parties to submit a joint status report by May 1, 2020, informing the Court of the status of any discovery disputes that persist at that time. ECF No. 64 at 3.

Defendants' declaration and the attached exhibits provide more information about the parties' discovery process. ECF Nos. 75 and 75-1. Defendants began providing discovery to Plaintiff in January 2019. ECF No. 75-1 at 2. Defendants sent Plaintiff a letter on October 28, 2019, stating that Defendants' attorney at the Washington State Attorney General's office (the "Assistant AG") had sent a copy of "all the documents" that had been provided to Plaintiff during discovery on a CD to Plaintiff's son, as Plaintiff had requested from Defendants in an "October 2019" letter. *Id.* at 5. The CD contained Plaintiff's "voluminous medical records[.]" *Id.* at 2.

The Assistant AG sent another letter to Plaintiff on November 19, 2019, memorializing a phone conversation between the Assistant AG and Plaintiff the same day and proposing a method by which to obtain discovery responses from Defendants Smith and Tonhofer. *Id.* at 2–3. The Assistant AG recounted telling Plaintiff that Defendants opposed his request for a tape-recorded telephonic

deposition of Defendants Smith and Tonhofer on the basis that it "would not produce reliable evidence for any of the parties here." *Id.* at 2. The Assistant AG further recounted that he and Plaintiff "disagreed as to whether the State had a burden to fund [Plaintiff's] litigation by providing [him] with a court reporter to conduct depositions" and that Plaintiff had expressed what information he hoped to obtain from Defendants Smith and Tonhofer in a deposition. *Id.* at 3.

In place of a telephonic, tape-recorded deposition, the Assistant AG offered to either: (1) facilitate Defendants Smith and Tonhofer's availability at a deposition, with Plaintiff bearing the recording costs; or (2) allow Plaintiff to serve 25 additional interrogatories, each, on Defendants Smith and Tonhofer, amounting to twelve interrogatories more per Defendant than contemplated by Fed. R. Civ. P. 33(a)(1). ECF No. 75-1 at 3. The Assistant AG concluded: "And, noting that you are again willing and able to resume litigating in this matter, I expect these interrogatories no later than January 2, 2020, so that I have ample time to respond and resolve any possible future disputes in advance of the Court's May 1, 2020 deadline for a status report." *Id.*

Plaintiff filed his first eight pending motions on December 16, 2019. On February 13, 2020, Defendant moved to lift the stay granted by the Court to allow Plaintiff to receive cancer treatment. ECF No. 77.

/ / /

/ / /

ORDER RESOLVING PLAINTIFF'S MOTIONS ~ 5

## DISCUSSION

### *Request for Appointment of Counsel*

Plaintiff moves the Court to consider for a third time appointing counsel to represent Plaintiff in this matter. *See* ECF Nos. 30 and 47. Plaintiff asserts that the issues in this matter are complex and complicated, that Defendants "may have to be deposed," and that the case may proceed to trial. ECF No. 71 at 1. Plaintiff further questions: "The Defendant[s] have counsel, so why shouldn't Plaintiff have counsel also"? *Id.*

As the Court found in resolving Plaintiff's motion to reconsider his first request, there has not been a change in law or circumstance that warrants revising the Court's first determination that this matter lacks exceptional circumstances to support appointing counsel to represent Plaintiff. *See* ECF Nos. 30 and 47. Depositions and the potential for trial are standard features of civil litigation, and there is no indication that Plaintiff's claims under 42 U.S.C. § 1983 and the ADA are complex. Plaintiff's renewed motion to appoint counsel is denied. ECF No. 71.

### *Motions for Relief Regarding Washington State Penitentiary Medical Provider Ken Moore*

Plaintiff seeks leave to file a Second Amended Complaint to add "P/A/C Ken Moore" as a Defendant. ECF No. 73. Plaintiff further states in a separate filing that Mr. Moore is a "major player in this case," who has been Plaintiff's medical provider at the Washington State Penitentiary. ECF No. 66 at 1. Plaintiff requests

that Mr. Moore "be added as a Defendant because: (1) he will tell the truth as to the situation; and (2) More [sic] was the one who assisted [Plaintiff] in getting in to see the neurosurgeon." ECF No. 66 at 2.

The Jury Trial Scheduling Order in this matter set a March 26, 2019 deadline for any motion to further amend pleadings or add named parties, unless the moving party satisfied the standard of Fed. R. Civ. P. 16(b)(4). Rule 16(b)(4), Fed. R. Civ. P., requires a showing of good cause and the judge's consent. When leave of court is required for amendment of a complaint, the Court considers whether amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Leave to amend is properly denied if amendment would be futile. *See Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Plaintiff does not allege any wrongdoing with respect to Mr. Moore. Rather, Plaintiff characterizes Mr. Moore exclusively as a good source of information who assisted Plaintiff in seeing a neurosurgeon in his role as Plaintiff's Department of Corrections medical provider. *See* ECF Nos. 66 at 2; 67 at 1. Therefore, amendment to add Mr. Moore as a Defendant is futile and would create an undue delay in this litigation. *See AmerisourceBergen Corp.*, 465 F.3d at 951. The Court denies Plaintiff's Motion to Amend the Complaint. ECF No. 73.

Plaintiff also seeks a deposition on written questions or, in the alternative, a witness statement or affidavit from Mr. Moore. ECF No. 67.

A party may depose any person by written questions under Fed. R. Civ. P. 31 without leave of Court, subject to exceptions not relevant here. *See* Fed. R. Civ. P. 31(a)(1) and (1)(2). "Although Rule 31 allows for parties to exchange written direct, cross, redirect, and recross questions for a witness, absent the parties' stipulation to another procedure, see Fed. R. Civ. P. 29(a), an officer authorized under Federal Rule of Civil Procedure 28 must take the witness's deposition at a scheduled date and time and then prepare and certify a record of the deposition." *Tripati v. Corizon Inc.*, No. CV-18-00066-TUC-RM, 2019 U.S. Dist. LEXIS 199114, at *14 (D. Ariz. Nov. 15, 2019) (citing Fed. R. Civ. P. 31(a)(5), (b)). Therefore, courts have recognized that, without a stipulation to modified procedures, a deposition upon written questions may not amount to an inexpensive way for a prisoner to get discovery. *Id* (citing *Picozzi v. Clark Cty. Det. Ctr.*, No. 2:15-cv-00816-JCM-PAL, 2017 U.S. Dist. LEXIS 171272, 2017 WL 4678472, at *3 (D. Nev. Oct. 16, 2017)).

The discovery cut-off in this case was set for October 18, 2019. ECF No. 39 at 4. Plaintiff moved on October 1, 2019, to extend that cut-off by two months for a specific purpose, to depose Defendants Smith and Tonhofer. *See* ECF No. 54. The Court deferred the question of whether to extend the discovery deadline only because of Plaintiff's representation that he needed to pause his efforts in this litigation to receive cancer treatment. ECF No. 64. However, approximately a

month and a half later, Plaintiff filed his eight new motions, including the motion for deposition by written questions from Mr. Moore. *See* ECF No. 67. Plaintiff does not explain why he has not been able to obtain information from Mr. Moore prior to this late date. *See* ECF No. 67.

Nevertheless, Defendants acknowledge that "discovery appears to be a better avenue" for gathering information from Mr. Moore, rather than a second amendment of the complaint. ECF No. 74 at 5. Therefore, the Court will allow Plaintiff to propound written questions to Mr. Moore during a limited, extended discovery period.

***Renewed Motion for Telephonic, Tape-Recorded Depositions of Defendants Smith and Tonhofer***

Plaintiff asks to reconsider the Court's previous Order denying as moot Plaintiff's motion for leave to conduct depositions of Defendants Smith and Tonhofer by telephone and audio recorded. ECF No. 66.[2] Plaintiff attaches to his motion fourteen questions he wants Dr. Smith to answer under oath and thirteen questions he wants Dr. Tonhofer to answer under oath. ECF No. 66 at 3−6.

Rule 30(b)(4), Fed. R. Civ. P., provides, in relevant part, that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by

---

[2] Plaintiff also refers in this Motion to his desire to add Mr. Moore as a Defendant. However, the Court already addressed that issue through resolving ECF No. 73 above.

ORDER RESOLVING PLAINTIFF'S MOTIONS ~ 9

telephone or other remote means." Rule 30(b)(3), Fed. R. Civ. P., provides for recording of a deposition "by audio, audiovisual, or stenographic means." The party noticing the deposition must state the recording method in the deposition notice and must bear the recording costs. *Id.* Depositions of a deponent in the United States must be taken before an officer authorized under Fed. R. Civ. P. 28(a).

Plaintiff asserts that he lacks the financial resources to depose the defendants "by stenographic means." ECF No. 66 at 1. Plaintiff further asserts that he would be prejudiced by receiving interrogatory responses because the "depositions would be under oath, whereas the interrogatories would not be under oath." ECF No. 66 at 1.

Defendants oppose Plaintiff's request to take Defendants Smith and Tonhofer's depositions telephonically and recorded by audio tape recorder. Defendants previously submitted evidence that blank cassette tapes are "not considered to be authorized" under the Washington State Department of Corrections' inmate personal property policy. ECF No. 57 at 2. To accommodate a tape-recorded deposition, Plaintiff would need to have a money on his account to purchase the tapes, and a staff member of the correctional institution would need to be present throughout the use of the recording equipment and cassette tape. *Id.* at 3−4. In responding to Plaintiff's renewed motion, Defendants argue that the sample questions attached to Plaintiff's motion "appear to be answerable through written discovery, further illustrating that there is no need for the Defendants to facilitate

ORDER RESOLVING PLAINTIFF'S MOTIONS ~ 10

[the] expensive, burdensome, and ultimately unreliable tape-recorded telephonic depositions Plaintiff requests." ECF No. 74 at 2–3.

The Court finds that Plaintiff has not shown a compelling need for the particular deposition method that he requests. Defendants' counsel offered to facilitate Defendants' availability, presumably in person, for a deposition, and, as a cost-saving alternative, offered to stipulate to a total of 25 additional interrogatories from Plaintiff for each of the two Defendants at issue. *See* ECF No. 75-1 at 2–3. The questions that Plaintiff included with his renewed motion do not exceed 25 per Defendant. *See* ECF No. ECF No. 66 at 3–6. Moreover, parties answering interrogatories must sign and verify their answers under oath. Fed. R. Civ. P. 33(b)(3) and (5). The Court does not find good cause to grant Plaintiff's renewed motion. However, the Court will allow Plaintiff time to serve interrogatories on Defendants Smith and Tonhofer and receive their responses.

***Plaintiff's Requests for His Medical Records, a Deposition of the "D.O.C. Medical Director" and an Outside Doctor***

Plaintiff moves for an opportunity to inspect his medical records. ECF No. 70. Plaintiff also requests a copy of his medical records from 2009 to 2019. ECF No. 69. Defendants respond that "it is the understanding of Defendants' counsel that Plaintiff can make an appointment to view his medical records at the facility where he is housed[,]" and "Plaintiff already received at least some of his medical records through the discovery process." ECF No. 74 at 6. Plaintiff did not file any reply to

question those assertions. The Court agrees that Plaintiff has not demonstrated a need for court action as it is uncontested that he can review his medical records at his institution and because he already possesses many of the relevant medical records. Therefore, the Court denies Plaintiff's Motion for Production of All Relevant Medical Records, ECF No. 69, and Motion for Inspection of All of His Medical Records, ECF No. 70.

In addition, Plaintiff requests an exam from an outside doctor. ECF No. 68. Defendants respond that Plaintiff has been seen by outside doctors. ECF No. 74 at 5. Indeed, Plaintiff himself refers to an exam by a neurologist, with the assistance of Mr. Moore. ECF No. 66 at 2. Furthermore, Plaintiff did not file any reply contesting Defendants' representation. Accordingly, the Court denies Plaintiff's Motion for an Examination by an Outside Doctor, as it does not present a basis for the Court to intervene. ECF No. 68.

Finally, Plaintiff moves for a deposition of the "D.O.C. Medical Director" as well as Defendants Smith and Tonhofer. Defendants reiterate that Defendants' counsel has offered Plaintiff less burdensome alternative means of receiving discovery responses from Defendants Smith and Tonhofer. ECF No. 74 at 3. Given that Plaintiff does not offer specific information regarding his request for non-party discovery regarding the Department of Corrections Medical Director, the Court is without sufficient basis to grant Plaintiff any relief on this issue.

/ / /

ORDER RESOLVING PLAINTIFF'S MOTIONS ~ 12

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED**:

1. Given that Plaintiff already has resumed engaging in discovery requests and motion practice, the Court **vacates** the joint status report deadline on May 1, 2020. *See* ECF No. 64. The Court further **GRANTS** Plaintiff's Motion to Lift Stay, **ECF No. 77**, filed on February 13, 2020.

2. Plaintiff's Motion to Reconsider the Motion for Order to Conduct Telephonic and Tape-Recorded Depositions of Defendants Tonhofer and Smith, **ECF No. 66**, is **DENIED**.

3. Plaintiff's Motion to Depose P/A/C Ken Moore on Written Questions, **ECF No. 67**, is **GRANTED.**

4. Plaintiff's Motion for an Examination by an Outside Doctor, **ECF No. 68**, is **DENIED**.

5. Plaintiff's Motion for Production of All Relevant Medical Records, **ECF No. 69**, is **DENIED**.

6. Plaintiff's Motion for Inspection of All of His Medical Records, **ECF No. 70**, is **DENIED**.

7. Plaintiff's Motion for the Appointment of Counsel, **ECF No. 71**, is **DENIED**.

8. Plaintiff's Motion for Deposition of the D.O.C. Medical Director, **ECF No. 72**, is **DENIED**.

9. Plaintiff's Motion to Amend the Complaint, **ECF No. 73**, is **DENIED**.

10. The discovery cut-off in this case shall be extended until **May 13, 2020**, <u>for the sole purpose of allowing Plaintiff to pursue discovery responses from Defendants Tonhofer and Smith and from non-party P/A/C/ Ken Moore.</u>  An Amended Jury Trial Scheduling Order shall be issued separately to reset all of the deadlines accordingly.

11. **Plaintiff is cautioned that he should not bring additional discovery motions to the Court without certifying a good faith attempt to resolve the dispute without court action by conferring with Defendants' counsel.  See Fed. R. Civ. P. 26(c), 37(a)(1).**

12. **Plaintiff is further cautioned that a failure to reply may be construed as his consent to the entry of an order adverse to him.  See LCivR 7(e).**

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to Plaintiff and counsel.

**DATED** February 13, 2020.

 *s/ Rosanna Malouf Peterson* 
ROSANNA MALOUF PETERSON
United States District Judge