FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 20, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GLEN A. LIVERMORE,<br><br>        Plaintiff,<br><br>v.<br><br>DEBRA TONHOFER, MD; JOHN SMITH, MD; STEVEN HAMMOND, DOC Chief Medical Officer; RUSTY SMITH, Head of Medical at AHCC; DERRY, Correctional Officer at WSP; BRENT CARNEY, DOC Dietary Services Program Manager; JOHN BOUCHARD, Correctional Officer; JOHN DOES 1-2, Transporting Officers; C/O HOMELEIN, Correctional Officer at WSP,<br><br>        Defendants. | NO: 4:18-CV-5075-RMP<br><br>ORDER DENYING SECOND MOTION TO APPOINT COUNSEL AND MOTION FOR RECONSIDERATION OF ORDER DENYING FIRST MOTION TO APPOINT COUNSEL |

    BEFORE THE COURT is a second Motion to Appoint Counsel by Plaintiff Glen Livermore, ECF No. 118, who is proceeding *pro se* and *in forma pauperis*. Also before the Court is Mr. Livermore's Motion for Reconsideration, ECF No. 119,

ORDER DENYING SECOND MOTION TO APPOINT COUNSEL AND MOTION FOR RECONSIDERATION OF ORDER DENYING FIRST MOTION TO APPOINT COUNSEL ~ 1

1  of the Court's Order denying Mr. Livermore's first Motion to Appoint Counsel, ECF

2  No. 30.  Defendants Debra Tonhofer, MD, et al. filed a response opposing Mr.

3  Livermore's request for appointment of counsel.  ECF No. 121.  Mr. Livermore filed

4  a reply.  ECF No. 122.  Having reviewed the parties' filings, the remaining record,

5  and the relevant law, the Court is fully informed.

6                                           **BACKGROUND**

7         Mr. Livermore is an inmate at the Washington State Penitentiary in Walla

8  Walla, Washington, and previously was incarcerated at Airway Heights Corrections

9  Center in Airway Heights, Washington.  Mr. Livermore alleges that various

10 correctional center staff were deliberately indifferent to his medical needs in

11 violation of the Eighth Amendment to the U.S. Constitution, under 42 U.S.C. §

12 1983, and violated the Americans with Disabilities Act, 42 U.S.C. § 12132, by

13 failing to accommodate his dietary needs as a diabetic and failing to provide

14 wheelchair accessible transportation on two occasions.  ECF Nos. 11 and 12.

15        On December 21, 2018, the Court denied Mr. Livermore's first motion for

16 appointment of counsel after considering the parties' arguments and applying the

17 relevant standard.  ECF No. 30.

18                                           **DISCUSSION**

19        There is no constitutional right to representation by counsel in a civil case.

20 *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981).  Nevertheless, the

21

ORDER DENYING SECOND MOTION TO APPOINT COUNSEL AND
MOTION FOR RECONSIDERATION OF ORDER DENYING FIRST MOTION
TO APPOINT COUNSEL ~ 2

1  statute governing *in forma pauperis* proceedings gives a district court discretion to
2  "request an attorney to represent any person unable to afford counsel."  28 U.S.C.
3  § 1915(e).  A request for representation under section 1915(e) is warranted only
4  under "exceptional circumstances."  *Agyeman v. Corr. Corp. of Am.*, 390 F.3d
5  1101, 1102–03 (9th Cir. 2004), *cert. denied sub. nom. Gerber v. Agyeman*, 545
6  U.S. 1128 (2005).  "When determining whether 'exceptional circumstances' exist,
7  a court must consider 'the likelihood of success on the merits as well as the ability
8  of the petitioner to articulate his claims *pro se* in light of the complexity of the
9  legal issues involved.'"  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)
10 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

11      Plaintiff argues that exceptional circumstances are present because he is
12 unable to conduct research and apply any research to the facts of this lawsuit,
13 unable to correctly apply or argue the law, and, on the whole, is at a "grave
14 disadvantage" since counsel for Defendants, from the Washington State Attorney
15 General's Office, are trained lawyers.  ECF No. 118 at 2.  Moreover, in Plaintiff's
16 Motion for Reconsideration, he argues that "unusual circumstances" are present
17 and his case should be dismissed because of alleged "mishandling the loss of,
18 misplacement of Plaintiff's legal pleadings" by defense counsel.  ECF No. 119 at
19 2.  Plaintiff alleges that he has "no low education" and that he has learning
20 disabilities and that his pleadings are a result of other inmates assisting him.  ECF
21

ORDER DENYING SECOND MOTION TO APPOINT COUNSEL AND
MOTION FOR RECONSIDERATION OF ORDER DENYING FIRST MOTION
TO APPOINT COUNSEL ~ 3

No. 122 at 4.  Plaintiff also laments that he does "not know why he cannot get any medical attention."  ECF No. 119 at 2.

The Court empathizes with Plaintiff as he continues to cope with serious health issues.  The Court further agrees that Plaintiff, alongside other *pro se* litigants, "would be better served with the assistance of counsel."  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled *en banc* on other grounds).  However, if a *pro se* litigant is able to articulate his claims sufficiently, relative to the legal complexity of the matter, then exceptional circumstances supporting a request for representation by counsel do not exist*. Id.*

The complexity of the legal issues at stake in this matter is not out of the ordinary, and Plaintiff demonstrated in his Amended Complaint as well as the many other motions and responsive briefings that he has filed that he is able to sufficiently articulate both the legal basis for his claims and the circumstances allegedly warranting relief, whether he managed those pleadings on his own or with the assistance of other inmates.  Lacking legal training or "no low education" is not an "exceptional circumstance" for a pro se litigant.  Plaintiff's assertions that unusual circumstances are present regarding pleadings that failed to reach Defendants is too vague for the Court to substantiate, and, in any case, does not directly touch upon his request for appointment of counsel or his ability to represent himself.  Accordingly, the Court finds that exceptional circumstances are

ORDER DENYING SECOND MOTION TO APPOINT COUNSEL AND MOTION FOR RECONSIDERATION OF ORDER DENYING FIRST MOTION TO APPOINT COUNSEL ~ 4

not present to warrant the appointment of counsel to represent Plaintiff at this stage in the litigation and denies Plaintiff's motions.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration of the Court's Order Denying Appointment of Counsel, **ECF No. 119**, is **DENIED**.

2. Plaintiff's second Motion for Appointment of Counsel, **ECF No. 118**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to Plaintiff and counsel.

**DATED** October 20, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING SECOND MOTION TO APPOINT COUNSEL AND MOTION FOR RECONSIDERATION OF ORDER DENYING FIRST MOTION TO APPOINT COUNSEL ~ 5